UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRADEMARK PROPERTIES
OF MICHIGAN, LLC,

        Plaintiff,

                                  Case No. 14-cv-13072
                                  Honorable Gershwin A. Drain

v.

DEUTSCHE BANK NAT'L
TRUST CO., AS TRUSTEE FOR
LONG BEACH MORTGAGE
LOAN TRUST 2005-1,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#6]

### I. INTRODUCTION

Plaintiff, Trademark Properties of Michigan, LLC ("Trademark Properties"), filed a complaint in the Wayne County Circuit Court against Defendant, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-1 ("Trustee"), requesting that the Court enter a judgment to quiet title on Defendant's mortgage regarding disputed property. Defendant removed the action [#1] to this Court on August 7, 2014.

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[#6]. Defendant's motion was filed on September 4, 2014. Plaintiff has yet to file a response, despite the fact that the time period for doing so has expired. Oral argument in this matter had been scheduled for November

19, 2014, but upon review of the submissions the Court determines that it will cancel the hearing as oral argument would not significantly aid the decision process. *See* E.D. Mich. L.R. 7.1(f)(2).

The Court notes that the Sixth Circuit has specified that a movant must always meet its burden of demonstrating a failure to state a claim regardless of whether an adverse party has failed to respond. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). For the reasons discussed herein—after examining whether Defendant has met its burden—the Court will **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint.

## II. FACTUAL BACKGROUND

This case involves the real property located at 7774 Oxford Drive, Canton, Michigan 48187 (the "Property"). On October 26, 2004 an individual named Johnie George ("George") purchased the Property with the proceeds of a loan in the amount of $499,900.00 from the Long Beach Mortgage Company (the "Loan"), secured by a mortgage encumbering the Property. The mortgage encumbering the property (the "Mortgage") was recorded on November 9, 2004 in the Wayne County Records.

A Condominium Rider was attached to the Mortgage, and required George to comply with the terms of the Constituent Documents of the Oxford Park Condominium Association (the "Condominium Association"). The Mortgage was assigned to Defendant on November 6, 2009, and was recorded on November 11, 2009 in the Wayne County Records.

George allegedly defaulted on his share of the condominium maintenance assessment charges leading the Condominium Association to record a lien against the Property on September 15, 2009 (the "Condominium Lien"). The Condominium Association later foreclosed the Condominium Lien by advertisement, culminating in a Sheriff's Sale on May 2,

2013 at which the Condominium Association purchased the Property. On that same day, Plaintiff purchased the Property from the Condominium Association for $7,210.10.

### III. LAW & ANALYSIS

#### A. Standard of Review

Defendant removed this case on August 7, 2014 pursuant to 28 U.S.C. § 1441. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Thus, according to the *Erie* doctrine, Michigan law will govern the substantive issues raised herein while federal law will govern the procedural matters. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."); *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 417, 116 S. Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L. Ed. 1477 (1941) (holding that federal courts sitting in diversity are to apply the choice-of-law rules of the state in which the court sits in order to resolve conflicts between state laws); *see also Performance Contracting Inc. v. DynaSteel Corp.*, 750 F.3d 608, 611 (6th Cir. 2014).

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough

to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id*. at 679.

**B.      Legal Analysis**

In a recent unpublished opinion, the Sixth Circuit has found that a request to quiet title is a remedy and not a cause of action. *See Goryoka v. Quicken Loans, Inc.,* 519 F. App'x 926, 929 (6th Cir. 2013). However, even if quiet title can be pleaded as a separate cause of action, Plaintiff has failed to establish such a claim here. In order to quiet title to land, "plaintiff has the burden of proof and must make out a prima facie case of title. Once plaintiff makes out a prima facie case, the defendant[ ] then ha[s] the burden of proving superior right or title in themselves."

*Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n,* 236 Mich. App. 546, 550 (1999).

"A complaint alleging quiet title must set forth (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the ***facts establishing the superiority of the plaintiff's claim***." *James v. Fed. Home Loan Mortgage Corp.*, No. 13-CV-13029, 2014 WL 4773648, at *15 (E.D. Mich. Sept. 24, 2014) (quoting MCR 3.411(B)(2)) (emphasis added). Even assuming that the facts of Plaintiff's complaint are true, Plaintiff's complaint advances no argument that George's default on the Mortgage resulted in Plaintiff obtaining a superior right to the title. Instead, Plaintiff claims that Defendant has abandoned its interest in the Property by failing to (1) commence foreclosure proceedings against George, (2) pay the amount of the Lien to the Condominium Association, and (3) pay taxes on the Property. *See* Dkt. No. 1-2 at 6-7 (Complaint at ¶¶12, 17-19). The Court disagrees with Plaintiff's assertions.

As an initial matter, the Court cannot find that Defendants have abandoned their interest in the Property by not pursuing foreclosure proceedings on the Mortgage and failing to pay taxes on the Property. *See Chrzanowski v. U.S. Bank, Nat. Ass'n*, No. 14-CV-11365, 2014 WL 2895442, at *2 (E.D. Mich. June 26, 2014). Furthermore, nothing in the Mortgage attached by Plaintiff indicates that Defendant was required to foreclose on the Property in the event of a default. *See generally* Dkt. No. 1-2 at 10-29 (the Mortgage); *see also Chrzanowski vi*, 2014 WL 2895442 at *2. Lastly, as plead, nothing in Plaintiff's complaint indicates that Defendant's initial mortgage is not the first mortgage of record.

Under Michigan's Condominium Act, a lien for unpaid condominium dues has priority over all liens except tax liens and "sums unpaid on a first mortgage of record[.]" MICH. COMP.

LAWS. 559.208(1). A "first mortgage of record" is defined as "the mortgage that is recorded before all others with respect to time pursuant to the laws of [Michigan] relating to the recording of deeds." *Coventry Parkhomes Condo. Ass'n v. Fannie Mae*, 298 Mich. App. 252, 260, 827 N.W.2d 379 (2012) *appeal denied*, 495 Mich. 864, 843 N.W.2d 127 (2013) *reconsideration denied*, 495 Mich. 981, 843 N.W.2d 755 (2014). A mortgage remains a first mortgage of record when it is assigned to another mortgagee. *Id.* at 261.

Accordingly, the Court finds that Plaintiff's interest in the Property is junior to the Defendant's interest as Defendant's mortgage is the first mortgage pursuant to Michigan law. Plaintiff acknowledges that George entered into a mortgage agreement with Long Beach Mortgage Company on November 9, 2004. Dkt. No. 1-2 at 5 (Complaint at ¶6); *see also id.* at 10-29 (the Mortgage). Furthermore, Plaintiff acknowledged that the Mortgage was assigned to Defendant. *Id.* at 5 (Complaint at ¶8); *see also id.* at 10-29 (the Mortgage).

Consequently, the Court finds that Defendant's mortgage was recorded, pursuant to the laws of Michigan, before the Condo Association's lien and before Plaintiff ever acquired any interest in the Property. *Compare* Dkt. No. 1-2 at 5 (Complaint at ¶6, indicating that Defendant's mortgage was entered into on November 9, 2004),I *with id.* at 6 (Complaint at ¶14, indicating that Plaintiff purchased the Property at the foreclosure sale of the Condominium Association— the junior lienholder—on May 2, 2013). Even though Defendant received its mortgage by assignment, the mortgage was still the first mortgage of record because it was recorded before any other mortgage pursuant to the laws of Michigan relating to the record of deeds.

Plaintiff essentially concedes that Defendant owns the first mortgage as Plaintiff notes that George stopped paying any and all payments to Defendant, and that George owed a substantial sum to Defendant under the Mortgage. *Id.* at 6, 7 (Complaint at ¶¶11, 16, 22). Given

Defendant's status as the first mortgage holder, the Court finds that Defendant was under no obligation to pay the amount of the Lien to the Condominium Association. George was the party responsible for paying the Lien to the Condominium Association. George was initially under the obligation to pay these Condominium Association fees. George's failure to do so led to the foreclosure auction, and the Condo Association satisfied its Lien by selling the property to Plaintiff at the foreclosure auction.

For the reasons discussed above the Court does not find that Defendant has surrendered its interest in the Property or that Defendant was required to take action to foreclose upon its Mortgage. Additionally, the Court does not find that Plaintiff holds full legal and equitable title to the Property in fee simple absolute free and clear of any and all claims by Defendant.

### IV. CONCLUSION

For the reasons discussed above, Court will **GRANT** Defendant's Motion to Dismiss. The complaint is dismissed in its entirety and judgment will enter for Defendant.

SO ORDERED.

Dated: November 14, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge